OTT, Judge.
Appellant appeals the dismissal of his amended complaint for lack of jurisdiction. We reverse.
In this negligence action, appellant, plaintiff below, initially sued Holmes. Appellant thereafter determined that Holmes was not responsible for the injuries sustained. Appellant and Holmes entered into a written stipulation whereby Holmes would be dismissed as a party defendant, with prejudice. The stipulation further provided that appellant would be allowed to file an amended complaint naming appel-lees as defendants.
The stipulation was filed with the trial judge, and a copy of the amended complaint was attached thereto. The trial judge signed an order which dismissed Holmes as a defendant, with prejudice, and further ordered that appellant’s “amended complaint is deemed filed as of the date of entry hereof.” Appellees were properly served with a copy of the amended complaint and the case proceeded.
Ultimately, appellees filed motions to dismiss and/or for summary judgment asserting, among other things, that the trial court had no jurisdiction once the stipulation dismissing Holmes was filed. The court agreed and dismissed the suit. By this time the statute of limitations had expired and appellant could not file a new suit against appellees.
A judge may permit papers to be filed with him. Fla.R.Civ.P. 1.080(e). The appellees were duly served with a summons and complaint. We hold that the order of the trial court deeming the amended complaint filed was the equivalent of appellant initiating a new cause of action. Consequently, the trial court erred in dismissing the amended complaint.
We decline to address the insurance coverage and workers' compensation exclusive remedy issues raised by appellees because these matters were not litigated or considered by the trial court.
*253 REVERSED and REMANDED for further proceedings consistent herewith.
RYDER, C.J., and LEHAN, J., concur.